IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.: 1:03-cr-33(WLS) |
| | : | |
| NEVORIA JACKSON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Before the Court is the Government's petition to revoke Defendant Nevoria Jackson's supervised release. On April 8, 2004, the Court sentenced Defendant to 112 months in prison and five years' supervised release for possession with intent to distribute in excess of 50 grams of cocaine base. (*Id.*) After a sentence reduction, Defendant's supervision began December 20, 2010. (*Id.*) The Government now urges the Court to revoke Defendant's supervised release because, on October 18, 2011, he committed the offenses of possession with intent to distribute cocaine and driving with a suspended license.

The Court held a hearing on the Petition on May 22, 2014. The Court advised Defendant, who was represented by counsel, of the alleged violations and of his rights to a hearing on the allegations, which the Government would be required to prove by a preponderance of the evidence; to remain silent; to present evidence in his defense; and to testify—all of which Defendant acknowledged he understood. Defendant then stipulated to Violations 1 and 2 and waived a hearing.

In consideration of the facts, as stipulated and admitted, and the arguments submitted to the Court, the Court found, by a preponderance of evidence, that Defendant violated the conditions of his supervised release, as outlined in the Petition. The Court then declared Defendant's supervised release revoked. While the Court heard oral argument from Defendant as to the appropriate sentence for revocation

1

based on the alleged Violations, both Parties left the sentence to the Court's discretion. No other contested issues were raised by either party.

The Court then declared Defendant's supervised release revoked.[1] The Court then took his U.S. Sentencing Guidelines range under advisement and sentenced him to 46 months in prison.

For all of the above reasons and those stated at the hearing, which by reference are made a part of this Order, the Government's Petition is **GRANTED**, and Defendant's term of supervised release is **REVOKED**. Defendant is hereby committed to the Bureau of Prisons for a period of 46 months. No additional period of supervised release is ordered.

**SO ORDERED**, this ___4th___ day of June, 2014, *nunc pro tunc*, May 22, 2014.

                                            /s/ W. Louis Sands
                                            **W. LOUIS SANDS, JUDGE**
                                            **UNITED STATES DISTRICT COURT**

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking supervised release.'" United States v. Dees, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting United States v. Copeland, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" Id. (citations omitted).